(96 South. 865)

## KROPP v. CLEM.  (6 Div. 931.)

(Supreme Court of Alabama.   June 9, 1923.
Rehearing Denied June 30, 1923.)

**1. Municipal corporations ☞706(6)—Defendant's negligence in backing from garage across sidewalk held for jury.**

Evidence that defendant, while slowly backing from his garage against the sidewalk, looked to the side and to the rear of his car as far as possible, and that his wife, when he started to back, looked on the other side, *held* to raise a question for the jury whether he had exercised due care with respect to plaintiff, a small child, whom he injured.

**2. Appeal and error ☞695(2)—Review of giving of general charge held not precluded where bill of exceptions did not show jury had viewed scene of accident.**

The fact that the jury viewed the scene of an accident would not preclude review of the giving of a general charge, where the bill of exceptions did not show that such view was taken.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Action for damages by Helen Kropp, by her next friend, G. H. Kropp, against E. H. Clem. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

McGregor & McGregor, of Jasper, for appellant.

It is only in the absence of all evidence against defendant that the court should direct a verdict. Amerson v. Coronoa Coal & Iron Co., 194 Ala. 175, 69 South. 601; Reaves v. Maybank, 193 Ala. 618, 69 South. 137; Birmingham Southern R. R. Co. v. Harrison, 203 Ala. 284, 82 South. 541; White Swan Laundry Co. v. Wehrhan, 202 Ala. 88, 79 South. 479; Ivey v. Marx, 205 Ala. 60, 87 South. 813, 14 A. L. R. 1173; B. R., L. & P. Co. v. Brantley, 141 Ala. 614, 37 South. 700.

Bankhead & Bankhead, of Jasper, for appellee.

There was no negligence shown on the part of appellee, and for this reason the court did not err in giving the affirmative charge requested by the defendant. Sou. Ry. Co. v. Reaves, 129 Ala. 457, 29 South. 594; Berry, Automobiles (3d Ed.) § 459; McCray v. Sharpe, 188 Ala. 375, 66 South. 441; Barbour v. Shebor, 177 Ala. 310, 58 South. 276; White Swan Laundry Co. v. Wehrhan, 202 Ala. 88, 79 South. 479. Where the court and jury viewed the scene of the accident, the Supreme Court cannot say that it was error to give the affirmative charge requested by the defendant. Ala. Power Co. v. Fergusen, 205 Ala. 204, 87 South. 796; Bellingrath v. Anderson, 203 Ala. 62, 82 South. 22; City of Montgomery v. Ferguson, 207 Ala. 432, 93 South. 4; Warble v. Sulzberger Co., 185 Ala. 603, 64 South. 361. Where the trial court had before it evidence which is not in the record, this court will not disturb the conclusion reached by the trial court. Dancy v. Ratliff, 201 Ala. 162, 77 South. 688; Montevallo Min. Co. v. Underwood, 202 Ala. 60, 79 South. 453; L. & N. R. R. v. Cross, 205 Ala. 628, 88 South. 908.

SOMERVILLE, J.   The undisputed evidence shows that the defendant backed his automobile from his garage to the public street in the city of Jasper, and that in so doing he backed across the public sidewalk and ran over and severely injured the plain-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tiff, a child then about two years old. The defendant testified that on starting the car he told his wife, who was on the back seat on the left side, to look out on that side, and she reported that everything was all right, and to go ahead; that he, himself, looked and was looking back around the car down the driveway to the street, and no one was in sight. He stated, however, that he could not see immediately behind the car, and that he could see only half of the driveway on his side, the other half—the half on the right—not being within his vision. He stated, further, that he blew his horn once or twice, and backed the car very slowly.

Defendant's wife testified that she rose up as the car started, and looked back and also around her side of the car—the right—and no one was in sight, and that she did not look again.

The child was found under the front axle, on the right side, against the right front wheels. The front wheels of the car, when stopped, were about the outer edge of the sidewalk, according to the testimony of one witness. Another witness testified that they had cleared the sidewalk by several feet. The evidence tended to show that when the occupants of the car first became aware that the child was under the car the car was over the sidewalk, and its rear wheels had passed across. No other observation was made, nor lookout kept, by defendant, before and during the movement of the car, than as stated above.

[1] On this testimony we are constrained to hold that it was a question for the jury to determine whether the operation of this car backwards over this public sidewalk, without other precautions as to lookout, and without seeing or knowing whether any person was on the sidewalk in a place of danger as the car was about to pass over, showed an exercise of due care under the circumstances, or such an absence of care and prudence as to constitute negligence. Under this view of the evidence, the general affirmative charge was improperly given for the defendant, and the judgment must be reversed.

[2] It is suggested that the court and jury viewed the scene of the accident, and hence the giving of the general charge cannot be reviewed. It is sufficient to say that the bill of exceptions does not show that such a view was taken, and therefore that suggestion cannot be considered.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

On Rehearing.

SOMERVILLE, J. Our review of the testimony confirms our conclusion that the ques-

tion of defendant's due care under the circumstances shown was one for the jury, and hence the general charge was improperly given for defendant. We did not and cannot consider the effect of a view of the scene of the accident by the court and jury, as inhibitory of our review of the propriety of giving that charge, for the reason that the bill of exceptions does not show such a view. An unauthenticated statement to that effect is found below the signature of the trial judge, but of course it cannot be regarded as a part of the bill of exceptions.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.